# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 25, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  14-13483-B
Case Style:  In re: Kyung Trotter
District Court Docket No:  1:13-cv-02344-WBH

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Melanie Gaddis, B
Phone #: (404) 335-6187

Enclosure(s)

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

––––––––––––––––––

No.  14-13483-B

––––––––––––––––––

In re:

KYUNG L. TROTTER,

Petitioner.

––––––––––––––––––

On Petition for Writ of Mandamus from the
United States District Court for the
Northern District of Georgia

––––––––––––––––––

Before:  HULL and WILLIAM PRYOR, Circuit Judges.

ORDER:

Kyung L. Trotter, proceeding *pro se*, moves this Court for leave to proceed *in forma pauperis* ("IFP") on her petition for a writ of mandamus, in which she asks this Court to compel the U.S. District Court for the Northern District of Georgia to perform certain actions in two separate proceedings.  With regard to Trotter's *pro se* civil rights action brought under 42 U.S.C. § 1983 (case no. 1:13-cv-02344), she asks this Court to order the district court to (1) recuse the presiding judge on the grounds of bias; (2) assign a new judge because the current judge has failed to properly exercise his jurisdiction and rule on the merits of several motions; and (3) vacate the district court's order dismissing her complaint.   With regard to Trotter's independent action brought under Fed.R.Civ.P. 60 (case no. 1:13-mi-00103), she asks this Court to order the district court to reopen the proceeding because it had been mistakenly closed before a final order had been rendered.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989). An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, and, without actually issuing the writ, may order a district court not to defer adjudicating a case. *See Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996); *see also Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (concluding that a 14-month delay in ruling on a § 2241 petition for no other reason than docket congestion was impermissible).

Recusal of a district court judge is required under 28 U.S.C. § 144 when a party demonstrates that the judge "has a personal bias or prejudice" against him or in favor of an adverse party. A district court judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification under § 455(a) is required only when the alleged bias is personal in nature, that is, stemming from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 554-55, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994); *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). Generally, a judge's rulings in a case are not valid grounds for recusal. *Loranger*, 10 F.3d at 780-81. In rare cases, however, recusal may be required when "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Id.* (quotation omitted). Additionally, while refusals to recuse are reviewable in mandamus, they also are reviewable on appeal from the final judgment. *Christo v. Padgett*, 223 F.3d 1324, 1333 n.10 (11th Cir. 2000).

As to the § 1983 civil action, Trotter fails to demonstrate a clear and indisputable right to mandamus relief. *See Mallard*, 490 U.S. at 309, 109 S.Ct. at 1822. First, with regard to the recusal request, she had the adequate alternative remedy of appealing the denial of an earlier motion to recuse. *See Christo*, 223 F.3d at 1333 n.10; *see also Jackson*, 130 F.3d at 1004. She also failed to present any allegations of bias that stemmed from extrajudicial sources, and the allegations she did present fell short of demonstrating a "pervasive bias and prejudice" that would justify recusal. *See Loranger*, 10 F.3d at 780-81; *see also Liteky*, 510 U.S. at 554-55, 114 S.Ct. at 1157. Second, rather than seek the district court judge's replacement via a writ of mandamus, Trotter has the adequate alternative remedy of appealing any motions for which she claims that the judge failed to properly exercise his jurisdiction. *See Jackson*, 130 F.3d at 1004. Third, Trotter may not use a mandamus petition as a substitute for directly appealing the contested dismissal order. *See id.*; *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008) (holding that district court's order dismissing complaint with prejudice was final, appealable order).

However, as for the Rule 60 motion that Trotter filed as an independent action, the record indicates that the district court closed the case without issuing a final, appealable order, and more than eight months have passed since Trotter filed her last motion in this proceeding. In light of the district court's undue delay in resolving the Rule 60 motion, Trotter's mandamus petition is not frivolous. *See Johnson*, 917 F.2d at 1284. Therefore, leave to proceed IFP is **GRANTED**. The Clerk is **DIRECTED** to request an informal response from or on behalf of the district court judge with regard to the mandamus petition's request for relief in case no. 1:13-mi-00103.